Musick, Administrator, v. The Kansas City, Spring-
field & Memphis Railway Company,
*Appellant.*

Division One, February 27, 1893.

114 309
117 150

114 309
124 547
124 601

114 309
126 470

114 309
138 233
138 537

114 309
c146 59

114 309
84a 278

114 309
174 552

1. **Adverse Possession**: TITLE TO LAND INVOLVED: CONSTITUTION. Where the defense to an action for trespass on realty rests upon an adverse claim to possession of the land, "title" is involved within the meaning of the Missouri constitution.

2. **Trespass**: DAMAGES: SURVIVORSHIP. A right of action for damages by trespass upon land survives to the representatives of its deceased owner.

3. **Railroad**: CONDEMNATION PROCEEDING: JUSTICES' JURISDICTION. Proceedings by a railway company, before a justice of the peace, to condemn land for use as a reservoir, under section 2566 (Revised Statutes 1889), discussed, and *held* valid.

4. ——: ——: ——. Jurisdiction of the "subject-matter" of a proceeding is the power to hear and determine cases of the general class to which that proceeding belongs.

5. **Eminent Domain**: PROCEDURE: LEGISLATIVE POWER. The legislature has, generally, the right to prescribe the form of procedure in exercising the power of eminent domain.

6. ——: ——: JUSTICE'S COURT: SUMMONS. In such proceedings as are reviewed in this case a formal summons by the justice is not essential if defendant is served with written notice as prescribed by the statute.

7. ——: ——: ——: PRESUMPTION. Such proceedings are not void, where a solid sum was awarded by the viewers as damages to two defendant land owners. In the absence of any contrary showing, it will be assumed that they owned the land in common.

8. **Statute, General and Special Conflicting:** CONSTRUCTION. In event of conflicting meanings, a statute dealing with a particular subject is to have effect rather than a statute of a more general nature.

*Appeal from Greene Circuit Court.*

REVERSED AND REMANDED.

*Wallace Pratt* and *C. B. McAfee* for appellant.

*White & McCammon* and *J. P. Nixon* for respondent.

(1) The justice was without jurisdiction. Revised Statutes, 1889, sec. 6124. (2) The justice had no jurisdiction over the person of Nell; no summons was issued and he did not appear. Revised Statutes, 1879, sec. 2849; Freeman on Judgments, sec. 118; *Bersch v. Schneider*, 27 Mo. 101; *Jeffries v. Wright*, 51 Mo. 220; *McCloon v. Beattie*, 46 Mo. 392; *Cunningham v. Railroad*, 61 Mo. 33. (3) No person is required to answer in a suit on whom process has not been served; the judgment in such case is void. *Mills v. Duryee*, 2 American Leading Cases, 815; *Crepps v. Durden*, 1 Smith's Leading Cases, 833; *Bersch v. Schneider*, 27 Mo. 101; *State v. Metzger*, 26 Mo. 65; *Cunningham v. Railroad*, 61 Mo. 33. (4) The condemnation proceedings were void, because they were against Joseph Fisher and Henry Nell who were not joint owners of one tract of land. They were each sole owners of a distinct tract of land adjoining each other, and the commissioners in the proceeding against these several owners awarded one sum.

BARCLAY, J.—This action was brought by plaintiff, as administrator of Henry Nell, to recover damages for trespass of the defendant upon certain land in Wright county.

The defendant denied the trespass, asserting a right to the possession of the property mentioned.

The case began in Wright county; but the venue was afterwards changed to Greene, where the trial took place. Plaintiff had judgment, following a ruling of the court excluding an offer of proof by defendant the nature of which will more fully appear later.

Defendant appealed in due course to the Kansas City court of appeals, which sent the case here.

1. Where the record in an action for injury to real property shows that the defense rests upon an adverse claim of right to the possession of the land in question, the cause involves "title to real estate" within the meaning of the language defining the jurisdiction of the supreme court. (Constitution, 1875, art. 6, sec. 12; Revised Statutes, 1889, sec. 6570.) The transfer to this court was therefore entirely proper.

2. Such a right of action for damages to realty in this state survives to the personal representative of the injured owner. (Revised Statutes, 1889, sec. 96.) Plaintiff may hence sustain the action as administrator, upon a sufficient showing of right and damage.

3. The gist of the case is found in defendant's contention that it acquired a right to possess the land in dispute by virtue of proceedings had in the exercise of the power of eminent domain, under the law now known as section 2566, Revised Statutes, 1889.

Plaintiff replies that those proceedings are void and of no force for various reasons.

It appears that defendant by deed from Nell in 1881 obtained a right of way, one hundred feet wide, through a tract of land (forty acres in size) belonging to him, and constructed its railroad upon that strip. Afterwards, in 1882, defendant took steps to acquire an adjacent tract, about twelve acres in extent, for the purpose of a reservoir. In doing so, it instituted

proceedings before Thomas H. Patterson, a justice of the peace in Wright county. A transcript of those proceedings was the matter excluded by the court on the trial of the case at bar. The correctness of that ruling is the question before us.

We shall take up the several objections urged to the admission of that document.

Plaintiff claims that the justice had no jurisdiction of the subject-matter, and for that reason his supposed record is a nullity.

The transcript showed that the railroad company had presented to, and filed with the justice, June 7, 1882, a petition entitled,

"Before T. H. Patterson, J. P., Wright county, Missouri:

Kansas City, Springfield and Memphis
    Railroad Co., plaintiff,

              *v.*

Jos. Fisher and Henry Nell, defendants,"

in which it alleged that it was a corporation under the laws of Missouri, constructing its road across Wright county, Missouri; that it required and sought to acquire the following described land belonging to the defendants for the purpose of constructing and maintaining thereon a pond or reservoir for the use of its railroad in operating the same, viz.: (describing the tract particularly, by metes and bounds); that plaintiff and the owners of said land could not agree as to the amount of damage the defendant owners of said land should receive; that the petitioner had not entered upon the said land; and praying the justice to appoint three disinterested freeholders of Wright county as commissioners to assess and ascertain the damages said defendants were entitled to receive.

The transcript also showed that Fisher and Nell had each been personally served with a written notice

of the above application more than ten days before its presentation; and that proof thereof was furnished by the affidavit of the person who made the service. These notices stated fully the nature and purpose of the application to be made to Justice Patterson (as above), the time when it would be presented to him; and contained the same particular description of the land which it gave.

Thereupon, it appeared, the justice made an order, June 7, 1882, reciting the objects and substance of the foregoing petition (including a description of the land), the failure to agree with the owners as to the amount of damages, etc.; that notice had been given to the owners of said land more than ten days before the application; and appointing three disinterested freeholders of the county, John B. Ago, S. W. McNaul and John H. Williams, commissioners to view the land and to ascertain and report the amount of damages sustained by the owners by reason of the proposed construction and maintenance of a reservoir on the land described for the use of the railroad; and directing the commissioners to report their finding and assessment of damages in writing.

It appears further that the viewers were sworn to "impartially and faithfully discharge the duties devolving on them as commissioners;" and that they filed later with the justice a written report signed by them all, in which, after reciting the preliminaries above indicated, they declared that they had viewed the described ground and ascertained the damages to the landowners in consequence of the "appropriation of said land by plaintiff for use as aforesaid" and assessed said damages at $100.

On the same day the railway company deposited with the justice the amount of the damages in the form of a sight draft, which he received as cash and

receipted for as in full settlement of the amount of the award of the commissioners.

Afterwards the railroad company took possession of the property and has ever since used it as a reservoir or pond in connection with its general operations.

It is contended now that Justice Patterson had no jurisdiction of proceedings involving title to land, and that the railroad company could acquire no right in this real property in the manner described.

It is true that by one section of our general laws it is declared that "no justice of the peace shall have jurisdiction to hear or try * * * any action where the title to any lands or tenements shall come in question and be in issue." Revised Statutes, 1889, sec. 6124; Revised Statutes, 1879, sec. 2837.

But, on the other hand, section 2566 (Revised Statutes, 1889; Revised Statutes, 1879, sec. 788) plainly contemplates that, by certain proceedings before justices, a railroad company may acquire a right to the use and possession of real property in the neighborhood of its line for the purposes (among others) of procuring water and erecting and maintaining reservoirs.

If the two sections can fairly be considered conflicting, effect must be given to the latter (if for no other reason) because it deals with a particular subject, while the former section is of a general character and implies the qualification, "unless otherwise provided by law."

The latter section undertakes to prescribe the mode of invoking the power of eminent domain. No question of its constitutionality was made. It permits an appeal to the circuit court by either party, if dissatisfied with the award, and its terms we consider altogether too clear to admit of doubt that the legislature intended to confer on justices of the peace the jurisdic-

tion to proceed in the instances and for the objects specified.

His transcript furnishes abundant evidence that Justice Patterson had jurisdiction of the subject-matter, namely, the power to hear and determine cases of the general class to which the proceeding in question belongs. *State ex rel. v. Weatherby*, 45 Mo. (1869) 17; *Rosenheim v. Hartsock*, 90 Mo. (1886) 365; *Hope v. Blair*, 105 Mo. (1891) 93.

4. But it is next objected that the justice acquired no jurisdiction over the person of Nell, because no summons was issued to the latter, and he did not appear personally. The premises are true but the conclusion does not follow.

Within certain constitutional limitations (which are not the subject of present controversy), it is for the legislature to determine what form of procedure shall be used in exerting the power of eminent domain—a power whose proper exercise is as necessary and useful in the operation of civilized government as that of taxation or any other sovereign function.

In the form outlined in section 2566 it is "the duty of the party making the application to show to the justice of the peace that ten days previous notice of the time of making the same has been given to the other party, or to some one of them."

In the case at bar the form of notice, service and proof thereof, conformed to the general provisions of law touching notices. Revised Statutes, 1889, secs. 2033–2037; Revised Statutes, 1879, secs. 3505–3509. Whether it was essential to follow those provisions, in view of the language of section 2566, we are not called upon to say, as that point is not in judgment. It is enough to declare that that course was a sufficient compliance with the terms of that section, as to a party

actually served in due time with written notice as described in this case.

A summons by the justice, as in ordinary civil actions, was not required by the statute expressly; nor, we think, by reasonable implication either.

5. The final objection is that the condemnation proceedings are void because the viewers awarded a solid sum as damages to the two defendant landowners, instead of separate amounts to each, according to his interest.

The petition for the appointment of the commissioners described but one tract of land and charged that it belonged to defendants. The latter, though duly notified, did not appear at any stage of the case and did not appeal to the circuit court, as either might have done if "not satisfied with the award" in any respect. Revised Statutes, 1889, sec. 2566.

In *Snoddy v. Pettis County*, 45 Mo. (1870) 361, the court, speaking by Judge BLISS, said:

"The road commissioner assessed the damages to the three persons who have brought the case up jointly when neither the report nor any part of the record shows whether the land or lands for the occupation of which the damage was assessed belonged a part to each or to all jointly, and, if jointly, the proportion of each. A jury trial was had, and the assessment was increased, but still it was a joint one. No objection was made in the county court to this form of assessment; but, upon appeal, it was claimed to have been erroneous, and was given in the opinion of the majority of the district judges as the principal ground of their decision. It seems to us that we are bound to presume in this regard as well as concerning the character of the petitioners that the action of the court was legal, unless the contrary appears. If the plaintiffs owned the tract of land over which the road was laid

in common and in equal proportions, the joint assessment was correct, and we cannot assume without evidence, for the sake of finding errors, that they owned it severally."

In that case the proceedings were directly called in question by appeal to the circuit court, whereas in the one at bar they are attacked collaterally.  Of course the observations of Judge BLISS therefore apply with greater force here than they did in the ·case in which they were made.

We have already found that the justice had jurisdiction of the subject-matter involved and of the parties.  In view of the decision just cited, there is nothing in the proceedings before the justice to show that the defendants were other than joint owners of one piece of real property.  So viewed, the single assessment was plainly unobjectionable.

We find none of the objections to the admission of the justice's transcript tenable, and consider that the trial court erred in excluding it.

The judgment is reversed and the cause remanded. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.