AVERITT *v.* DODD.

Opinion delivered October 13, 1924.

1. HIGHWAYS—DEVIATION OF ROAD PLANS FROM PRESCRIBED ROUTE.—
   Where the plans, specifications and contract for constructing a
   highway improvement adopted a different route from that speci-
   fied and described in the act creating the district, the extent of
   the departure being 6,500 feet, the changes were material and
   unauthorized, rendering the contract for the construction of the
   road and sale of bonds void.

2. JUDGMENT—RES JUDICATA.—A judgment upholding the validity of
   a special act creating a road improvement district and the assess-
   ment and levy of benefits is not *res judicata* as to the question
   whether a contract let under the act is a compliance with the
   terms of the act.

Appeal from Polk Chancery Court; *C. E. Johnson,*
Chancellor; affirmed.

*Pipkin & Frederick,* for appellant.

*McPhetrige & Martin,* for appellee.

The change in route of the road made by the com-
missioners was unauthorized, and rendered all proceed-
ings void. 148 Ark. 365. The record introduced by
appellant in the Perry case on which his plea of *res ju-
dicata* is based, showed different parties and different
issues from the case at bar, hence there is no ground of
estoppel. 136 Ark. 115; 137 Ark. 134; 141 Ark. 453.

HUMPHREYS, J. This suit was brought against
appellants by appellee in the chancery court of Polk
County to restrain said appellants jointly and severally,
as road commissioners of Road Improvement District
No. 2 of Polk County, Arkansas, from performing any
of the provisions of a contract entered into on the 9th
day of December, 1922, between said commissioners and
the Western Construction Company for the construc-
tion of a road and bridges in said district, and to
restrain said commissioners, or either of them, in said
capacity, from delivering to any purchaser bonds of said
district executed by said commissioners on January 1,
1923.

Appellee was a property owner residing in the dis-
trict, and sought the injunction upon several grounds,

only one of which we shall discuss, as it sustains the decree of the chancellor enjoining the appellants from proceeding with the improvements under contract with the Western Construction Company, and enjoining them from delivering the bonds to the Industrial Investment Company or any other person. The allegation, and testimony introduced in support thereof, which sustains the decree, is that the plans, specifications and contract provided for the construction of a highway along a different route than that specified and described in the act creating said district. The route provided for in the act creating the district was the public road known as the Mena and Womble road. The act described it as the public road leading from Mena to the Montgomery County line, leading to certain places and through certain townships. There were two public roads leading to Big Fork, one by Opal and the other by Bog Springs. The commissioners were authorized to follow either road at this particular point. Under the authority conferred upon the commissioners they had no power to materially deviate from the route in constructing the improvement. According to the undisputed evidence, the plans and specifications prepared by the engineer and adopted as a basis of the contract for the construction of the highway changed the route for nearly two miles and to a considerable distance from the public road.

A. E. Wear testified that he was familiar with the point at Big Fork where the commissioners changed the route from the public road; that they changed it from one side of the creek to the other for a distance of 3,000 feet.

Peter McWilliams, acting engineer for the district, testified that he had examined the plans, specifications and blue-prints for Road Improvement District No. 2, and that the survey as outlined and adopted by the commissioners departed from the route of the public road as it existed for a distance of 13,600 feet between Mena and the Montgomery County line; that the greatest departure was between Opal and Big Fork, the extent of the depart-

ure being 6,500 feet; that the greatest departure at any particular point was 2,900 feet.

We think the changes were material and unauthorized, rendering the contract for the construction of the road and sale of bonds void and of no effect.

In addition to denying all the material allegations in appellee's complaint, appellants interposed the further defense of *res judicata.* In support of this plea appellants interposed the pleadings and decree in a certain cause, No. 884, tried in the chancery court of Polk County, February 14, 1921, wherein J. R. Perry *et al.* were plaintiffs and the commissioners of Road Improvement District No. 2 of Polk County *et al.* were defendants. The complaint in said cause alleged that the plaintiffs were citizens and landowners in said district; that the district was wrongfully and illegally established, in violation of §§ 24 and 25 of article 5 of the Constitution of the State, and sets forth the particulars of said violation; that the assessment of benefits was excessive and was arbitrarily made; that the assessment for numerous reasons assigned was illegal and void. The plaintiffs prayed that the defendants be enjoined from levying a tax, that the collection of the tax be restrained, and to restrain the issuance of bonds by the commissioners.

The answer denied all material allegations of the complaint, and, upon a trial, the court found all issues in favor of the defendant. An appeal was prayed and granted, but the appeal was never perfected.

The issue of whether the commissioners had made a material change was not an issue in the Perry *et al.* case, as will be seen by reading the substance of the complaint given above. The only issues involved in that case were whether the act creating the improvement district was constitutional and whether the assessment and levy of benefits was arbitrary and confiscatory. The issues being entirely different, this action is not precluded by the adjudication in the Perry *et al.* case.

No error appearing, the decree is affirmed.