Tommy FARRAR, Plaintiff-Respondent,

v.

Irene MOORE et al., Defendants-Appellants.

No. 8619.

Springfield Court of Appeals.

Missouri.

May 31, 1967.

Wangelin & Friedewald, Poplar Bluff, for defendants-appellants.

Ted M. Henson, Jr., Poplar Bluff, for plaintiff-respondent.

TITUS, Judge.

■ The capacity to sue, be sued, or be a party appellant or respondent, reposes only in persons in being. 67 C.J.S. Parties §§ 6 and 30. Without being advised when the event occurred, the Notice of Appeal herein states one of the appellants is "now deceased." A continued reading hereof will reveal this, unfortunately, is the least of our problems.

■ Item one of the acutely abridged transcript given us concerns some undisclosed cause of action resulting in a default judgment entered August 19, 1963, by the Magistrate Court of Butler County in favor of the plaintiff-respondent, Tommy Farrar, and against defendants-appellants, Sarah and Irene Moore. The judgment provides "that the plaintiff have and recover of and from the defendants the property described in plaintiff's petition."[1] The transcript entry following the judgment is prefaced by: "And thereafter to-wit: On the same day an execution was issued," which would cause surmise "on the same day" referred to August 19, 1963. However, the execu-

---

1. Preliminary recitations found the value of the undescribed property to be $600, but the judgment nowhere awards such sum, or any other sum, to the plaintiff. A judgment does not reside in the mere recitals or findings preceding it and is not affected by them. 49 C.J.S. Judg-ments § 71a, p. 189; Coonis v. Rogers, Mo.App., 413 S.W.2d 310, 313(4). Had this been a replevin action, we would expect the judgment to conform to the requirements of V.A.M.S. § 533.380, which this judgment does not.

tion set forth was issued by the Circuit Clerk of Butler County under date of December 21, 1965, on a $600 magistrate judgment plaintiff is said to have obtained against defendants August 19, 1963, a transcript of which had been filed in the Office of the Circuit Clerk (presumably pursuant to V.A.M.S. § 517.770) "on the ___ day of _____ A.D. 19___." Although the sheriff was commanded to "have the money before our said Circuit Court at the January term thereof, to be held on the 22nd day of March next," the return attests the writ was not executed until "the 23rd day of May, 1966, by having failed to collect any amount on this execution. Therefore, I am returning this writ as not satisfied."

The third transcript item is a Magistrate Court order of December 13, 1965, which recites: "Wherefore, it is considered ordered, adjudged and decreed by the Court that the Execution issued by the plaintiff in this case be quashed, the Court having no jurisdiction in the matter." This, or a copy thereof, was filed December 14, 1965, with the Circuit Clerk.

Under date of December 18, 1965 (according to the fourth transcript entry), defendants' counsel subscribed and swore to the truth and correctness of a Motion to Quash Execution "heretofore issued in this cause." The motion, filed in the Circuit Court December 21, 1965, averred execution should be quashed because the judgment on which it was based "is void for lack of jurisdiction of the subject matter in that the subject matter purports to be exempt property of surviving spouse; that the Estate of Plaintiff's decedent spouse was probated * * * and that Plaintiff did not file Application for Exempt Property in the Probate Court * * * in accordance with Section 474.250 V.A.M.S. * * * and that jurisdiction of the alleged subject matter was and still is in the Probate Court * * * instead of the Magistrate Court." No evidence was offered on the motion which was overruled May 10,

1966. When defendants' motion for new trial or for judgment was overruled, this appeal followed. Our chances at comprehension were abbreviated when this appeal was submitted to us without oral argument and miscalculations expressed in the briefs do not mollify our mystification.

The lone point contained in appellants' brief is the abstract declaration "The Circuit Court erred in overruling defendant's motion to quash, lack of jurisdiction appearing on the face of the record." Contrary to V.A.M.R. 83.05(e) the brief does not direct us to that portion of "the face of the record" which supposedly shows lack of jurisdiction, it does not advise us whether it is the Magistrate Court, the Circuit Court, or perhaps both courts that lack jurisdiction and it does not describe the particular kind of jurisdiction allegedly lacking. In searching further in the brief, appellants' argument seems to the effect the Magistrate's December 13, 1965, order rendered the Magistrate's August 19, 1963, judgment void.

"Jurisdiction" is a loosely employed term but generally it is of three kinds, i. e., of the subject-matter, of the person, and to render the particular order or judgment which was given. Crockett Oil Company v. Effie, Mo.App., 374 S.W. 2d 154, 157; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062, 1064(4). Jurisdiction of the subject-matter relates to a court's power over the general class of cases to which the particular case belongs and does not mean simple jurisdiction of that certain issue or case then before the court. Musick v. Kansas City, S. & M. Ry. Co., 114 Mo. 309, 21 S.W. 491, 492; St. Louis & S. F. Ry. Co. v. Lowder, 138 Mo. 533, 39 S.W. 799, 800; 23A Words and Phrases, Jurisdiction of the Subject-Matter, pp. 215–229. As we are not told the cause of action which is involved, we have no way of knowing if the courts had jurisdiction of the subject-matter. Averments contained in appellants' motions and brief do not prove themselves. School Dist. No.

80 of Christian County v. School Dist. No. R–1 of Christian County, Mo.App., 258 S.W.2d 258, 259(1); E. C. Robinson Lumber Company v. Lowrey, Mo.App., 276 S.W. 2d 636, 644(21). Consequently, we cannot accept appellants' claim "the face of the record" reveals lack of jurisdiction or that the Magistrate Court lacked jurisdiction of the subject-matter, especially when they technically mean "jurisdiction over things," i. e., jurisdiction over the particular property or chattels (whatever it or they may be) that are involved in the cause of action (whatever it may be). Restatement, Conflict of Laws, § 98, Comment a, p. 150.

■ The December 13, 1965, order of the Magistrate Court does not declare the August 19, 1963, judgment to be void. The order simply quashed "the execution issued by the plaintiff" because the court "had no jurisdiction *in the matter.*" Using the term as an all-inclusive expression, as is common practice, a court may lack jurisdiction or may exceed its jurisdiction as regards issuing writs of execution in many ways unrelated to the validity of the judgment upon which the writs are predicated. Errors may occur in issuing writs on satisfied judgments or against a defendant whose property cannot be taken in execution, or against a defendant who died prior to the teste of the writ or at an improper time or in an improper form. 1 Freeman on Executions, 3rd Ed., § 73, pp. 282–285. "Of course, an execution based on a void judgment is a nullity and should be quashed on motion," McDougal v. McDougal, Mo. App., 279 S.W.2d 731, 738(16), but on the meager information presented we cannot say it affirmatively appears from the record the judgment is void.

■ Without reckoning with V.A.M.S. § 517.910 (applicability of which we need not decide) respondent urges that a Magistrate Court cannot quash its own executions, and in its brief says an issue on appeal "arises from the fact that the Magistrate Court * * * did not quash an execution issued out of the Magistrate Court but rather quashed an execution issued out of the Circuit Court * * * [and] a Magistrate Court cannot interfere with an execution issued out of the Circuit Court." While we do not know what execution the Magistrate intended to quash by the December 13, 1965, order, we can only conclude respondent errs in matching the Magistrate order with the December 21, 1965, Circuit Court execution as the latter was not issued until eight days after the order of the Magistrate Court had been made. Defendants' motion to quash execution was "subscribed and sworn to" on December 18, 1965, or three days before the issuance of the Circuit Court execution. We assume this was not prepared for direction at the Magistrate execution already quashed, but rather upon knowledge and in anticipation a Circuit Court execution would issue on or about December 21, 1965. It has been said a respondent by failing to file a brief indulges a practice condemned by the courts. Hunter v. Schwertfeger, Mo.App., 407 S.W.2d 606, 608(1). In this instance, however, and because of the transposition treatment given the various entries concerned, the lack of a respondent's brief herein could have served as a blessing in disguise.

■ It cannot be ascertained from the transcript or the briefs the relationship existing between plaintiff and defendants. We do not know the nature of the cause of action nor the type of "property" concerned therein. Given full sway, our imaginations could become pregnant with a host of likely possibilities on all probable aspects capable of being involved in this case. But such undertakings would amount to nothing more than foraging in futility and would not provide us with the facts necessary to obtain a final conclusion with any degree of reasonableness, fairness and accuracy. The parties involved, both the "quick and the dead," are undoubtedly well aware of the facts which have not been imparted to us and which are most neces-

sary for our purposes. Rule 83.13(c) provides that "[u]nless justice requires otherwise, the [appellate] court shall dispose finally of the case on appeal." Justice, however, cannot be served in this fashion when any final disposition we might make would of necessity be predicated, to a great part at least, upon conjecture. State of Missouri ex rel. State Highway Commission v. Hill, Mo.App., 373 S.W.2d 666, 668(1, 2). It is appellants' duty to cause a transcript on appeal to be filed which contains, "in chronological order" (V.A.M.R. 82.14[a]), "all of the record, proceedings, and evidence necessary to the determination of all questions to be presented." V.A.M.R. 82.12(a) and (b); V.A.M.S. § 512.-110, subds. 1 and 2. This was not done and we are unable to ascertain what final judgment would be just. New or further proceeding on this particular matter in the Circuit Court would not be required to determine appellants' claim for if the "judgment is really void any kind of a proceeding to cancel it would be proper." McCoy v. Briegel, Mo.App., 305 S.W.2d 29, 34(2). Accordingly, the appeal herein is ordered dismissed.

STONE, P. J., and HOGAN, J., concur.