Morgan M. MOULDER and Nedra Moulder, Plaintiffs-Respondents,

v.

Ina WEBB, Defendant,

and

State Highway Commission of Missouri, Defendant-Appellant,

and

City of Camdenton, Missouri, Defendant-Appellant.

Nos. 9538, 9527.

Missouri Court of Appeals, Springfield District.

Aug. 20, 1975.

Motion for Rehearing or Transfer Denied Sept. 8, 1975.

Robert L. Hyder, William Darmstaedter, II, Jefferson City, for State Highway

Comm., Richard E. Feutz, Camdenton, for City of Camdenton.

John F. Low, Lebanon, Morgan M. Moulder, Camdenton, for plaintiffs-respondents.

HOGAN, Judge.

In this action to determine interest and quiet title pursuant to Rule 93.01, V.A.M.R., plaintiffs sought an adjudication that a 20-foot strip of land running squarely along the northeast side (front) of their property was not subject to any easement for public use. Upon trial without a jury, the court found all the issues tendered for the plaintiffs and adjudged 1) that title to the realty in question was vested in the plaintiffs in fee simple as tenants by the entirety; 2) that none of the defendants, nor any of them, had any right, title or interest, legal or equitable, in and to the realty. The State Highway Commission (Commission) and the City of Camdenton (City) have appealed and by our order the appeals have been consolidated.

Plaintiffs, husband and wife, own a motel located in part on Lots 1, 6, 7, 8, 9, 10 and 11 in Block 61 in the City of Camdenton, and in part on a 20-foot strip of land which lies squarely along the northeast line of those lots as platted. The 20-foot strip fronts on and abuts Highway 5 in the city limits of the City of Camdenton. Various structures appurtenant to the plaintiffs' motel have been constructed and are being maintained on the 20-foot strip. The record makes it appear that an improvement (widening) of Highway 5 has been undertaken, and that the proposed improvement will involve utilization of part or all of the 20-foot strip in controversy. Plaintiffs' position is that, for various reasons, the 20-foot strip is not part of the State's easement for public use. The Commission maintains that the 20-foot strip was included in and is part of the right-of-way originally acquired when Route 5 was constructed, and it regards plaintiffs' construction and maintenance of part of their motel on the 20-foot

strip as an out and out purpresture. The City's position is that the 20-foot strip in question was dedicated to public use by the terms of the deed of dedication and plat filed when the City of Camdenton was incorporated as a city of the fourth class in 1931. The sole question litigated and the sole question presented here is whether or not the highway right-of-way, in the sense that "right-of-way" means the whole easement condemned or otherwise acquired by the Commission, includes the strip of land claimed by the plaintiffs.

The appeal presents an unusual problem. In this court the parties have briefed a number of involved and somewhat novel issues with vigor and considerable competence, but quite obviously the primary and essential fact which must be established before the parties' rights can be adjudicated is the location and width of the State's easement for public use; that has not been competently established, and there is, therefore, no starting point from which we may proceed to decide the appeal on its merits.

■ We have repeatedly and recently held that we can no longer indulge litigants with sua sponte review of matters not properly briefed and presented, e. g., *State v. Blankenship*, 526 S.W.2d 78 (Mo.App.1975). We adhere to that position, but when the appeal is governed by public statutes or statutory principles we may, in the exercise of discretion, consider the effect of those statutes even though they were not called to the attention of the trial court nor considered by it in determining the merits below,[1] particularly when, as here, the public interest appears to be involved. Cf. *Berghorn v. Reorg. Sch. Dist. No. 8,* 364 Mo. 121, 134–135, 260 S.W.2d 573, 580[3–7] (1953).

■ We take judicial notice of the constitutional and statutory provisions by which the defendant Commission is vested with its powers and duties, *State ex rel. State Highway Commission v. Allison,* 296 S.W.2d 104, 106[1] (Mo. banc 1956), and we are bound to take notice of the public statutes of this State. *State ex rel. Ford v. Hogan,* 324 Mo. 1130, 1138, 27 S.W.2d 21, 23[1] (1930). Moreover, as a court we take notice of geographical facts and matters of current history. *Reineman v. Larkin,* 222 Mo. 156, 170, 121 S.W. 307, 311 (1909). We therefore know, judicially, that Route 5 is part of the system of highways established by the Centennial Road Law, L.1921 (1st Extra Session), pp. 131–167, and specifically that the route here involved (Highway 5 in Camden County) was designated and made a part of that system by the second sentence of para. 15, § 29 of that act, now codified as para. 15, § 227.020, RSMo 1969, V.A.M.S. Section 31 of the Centennial Road Law provided that the Commission would "determine the width of the right of way and of the surface roadway" of the routes designated in the act as "state highways". Section 30 required the Commission's chief engineer to cause surveys to be made and to prepare detailed plans and specifications "for each part [of the system] as soon as practicable". Nevertheless, § 32 provided that the Commission might "approve, disapprove, modify or amend" the plans laid out by the chief engineer, and further provided that "the action of the commission thereon *shall be the action of the department* [sic] on such subject". (Our emphasis) Further in this connection, we know by consulting census statistics, which we may notice, *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 424 S.W.2d 73, 79[11] (Mo.App.1968), that at the time of its incorporation the City of Camdenton had a population less than 2,500, and § 36 of the Centennial Road Law provided that "[a]ny state highway which passes through a municipality having a population of less than twenty-five hundred . . . shall be constructed through such municipality". We do not precisely know when Route 5 was constructed through Camden-

1. *Huntress v. Huntress' Estate,* 235 F.2d 205, 209[6] (7th Cir. 1956); *F.D.I.C. v. Vest,* 122 F.2d 765, 768[2] (6th Cir. 1941); see Vestal, Sua Sponte Consideration in Appellate Review, 27 Fordham L.Rev. 477, 479–480 (1958–1959).

ton—plaintiff Morgan Moulder gave it as his recollection that it was "1935" or "1932" —but it seems fairly certain that it was after Camdenton was incorporated.

The plaintiffs, in the course of making their proof, offered the original plat of the City of Camdenton as evidence, and the defendant City relies on that instrument as proof of the location and width of the easement for public use. Further, parts of the original survey for Route 5 were received in evidence, and a survey (or copy) prepared for use in making the present improvement was offered. Plaintiffs also had evidence showing the location of a monument (actually a marker) indicating that the southwest boundary of the State's easement ran 20 feet to the northeast of the line claimed by the Commission as the southwest boundary of the right-of-way. There was also evidence that the 20-foot strip in controversy had not been maintained by the Commission, and that the defendant City had exercised some control over that strip of land by permitting the construction and maintenance of utility poles on the right-of-way. In short, were this an ordinary boundary dispute and assuming for the purposes of this opinion that plaintiff invoked the proper remedy, the evidence would be sufficient to create a factual conflict concerning the location of the boundary of the State's easement, the various contentions of the parties could be appraised in context, and the controversy could be resolved.

■ Such is not the case. Even if the language of the Centennial Road Law did not compel that conclusion, the precedents by which we are firmly bound hold unmistakably that the location and width of the public easement here involved may be shown only by the record made by the Commission when it included the particular route in the State highway system. *State ex rel. Reynolds County v. State Highway Commission*, 328 Mo. 859, 864–866, 42 S.W.2d 193, 194–195[2] (banc 1931); *State ex rel. Liberty Township of Stoddard County v. State Highway Commission*, 315 Mo. 747, 755–757, 287 S.W. 39, 42–43 (banc

1926); *Palmer v. State Highway Commission*, 334 Mo. 1070, 1076–1077[4], 69 S.W.2d 653, 655–656[6] (1934). The original plat of the City of Camdenton is not conclusive, even assuming it antedates that segment of Route 5 under consideration, because the Centennial Road Law merely described the general route to be followed and did not designate any particular road as part of the State highway system, *State ex rel. Reynolds County v. State Highway Commission*, supra, 328 Mo. at 865, 42 S.W.2d at 194–195[3], and in both the *Reynolds County* case and the *Palmer* case, it was held that activity on the part of the Commission such as moving fences, marking the particular highway and maintaining it with state funds did not prove the adoption of a particular road as a permanent part of the State highway system. Neither is the maintenance of utility poles on the right-of-way necessarily indicative of the extent of the easement for public use, for it is in the Commission's discretion to permit the maintenance of those structures as long as they do not interfere with public safety. *State ex inf. McKittrick ex rel. City of California v. Missouri Utilities Co.*, 339 Mo. 385, 400–401, 96 S.W.2d 607, 614[5], 106 A.L.R. 1169, 1180–1181 (1936). The situation is not altered by the fact that certain surveys or plans were received in evidence, because the Commission was not bound by the chief engineer's detail plans, but had the authority to "approve, disapprove, modify or amend" those plans. L.1921 (1st Extra Session), at p. 164. So, and to reiterate, the fundamental evidentiary fact necessary to an adjudication of the parties' rights has not been established.

■ In so holding, we bear in mind that it is our duty to dispose finally of the case if we can, Rule 84.14, V.A.M.R., but we are not at liberty to disregard the public statutes of this State, nor the decisions of our Supreme Court construing those statutes. Our duty to review the record as a whole and render such judgment as the trial court ought to have given presupposes a record

and evidence from which we can perform that duty with some degree of confidence in the reasonableness, fairness and accuracy of the result. Such a record is not presented here, and the cause must be reversed and remanded upon its merits. *Phelps v. Watson-Stillman Co.,* 365 Mo. 1124, 1132, 293 S.W.2d 429, 434–435[5] (1956). Leave should be given to the parties to amend their pleadings, if they are so advised. It is so ordered.

All concur, except FLANIGAN, J., not participating because not a member of the court when the cause was submitted.