CITY OF ST. CLAIR, a Municipal
Corporation, Appellant,

v.

Ray Jesse CASH, Respondent.

No. 39813.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 1979.

Joseph R. Aubuchon, Union, for appellant.

Prudence L. Fink, Union, for respondent.

STEPHAN, Presiding Judge.

On June 17, 1977, respondent Ray J. Cash was charged by the appellant City of St. Clair with a violation of City Ordinance 13–2 through failure to obtain a merchant's license while doing business in the city. After pleading not guilty, respondent was tried by the Municipal Court of the City of St. Clair, was found guilty and fined $50 plus costs. Respondent appealed to the Franklin County Circuit Court for a trial de novo. He then filed a motion to dismiss in the circuit court in which motion he claimed that Ordinance 13–2 is "illegal", "invalid" and "unconstitutional." Respondent based this claim on the contention that the city has no statutory authority to impose a license tax upon him for engaging in "concrete subcontracting." After hearing arguments on the motion, the circuit court dismissed the charge against respondent, and this appeal by the city followed.

St. Clair, as a fourth-class city, derives its authority to tax certain enumerated businesses and business apparatus from § 94.-270, RSMo 1969. That authority was exercised through Ordinance 13–2, which requires that persons or corporations engaged in specified occupations, including "merchants of all kinds", obtain a license to do business in St. Clair. Appellant city, on this appeal, would have this court decide that it has the power to tax respondent under Ordinance 13–2 not only as a merchant, but under other provisions pertaining to manufacturers, dray operators and "all other business agencies" as well.

However, faced with the record we have before us, we are unable to review the order of the circuit court. We cannot determine whether the ordinance requires a license of one who engages in activities such as those of the respondent, nor can we determine whether § 94.270 authorizes a fourth-class city to regulate and license such activities, for the record does not advise us what those activities consisted of. The argument portion of appellant's brief is replete with statements such as the following: "Respondent is a concrete subcontractor. He therefore furnishes concrete for a profit. * * * Respondent similarly takes cement, water, and gravel, mixes them in the proper fashion, and makes his finished product. Respondent is a manufacturer. * * * [T]he 'manufacturing' process—i. e., the process of mixing concrete—occurs in transfer vehicles." None of these statements is accompanied by a reference to the transcript or the stipulation which was filed separately. Nor could there be; there is nothing in the record to support them. The ten page transcript consists of copies of various documents transmitted in the case from municipal to circuit court, including a copy of the charge filed in the municipal court, the municipal court's finding of guilty and imposition of fine together with its docket entry, respondent's motion to dismiss filed in the circuit court, and a stipulation between the parties establishing that St. Clair is a fourth-class city and placing before the circuit court a copy of the ordinance in question. The transcript then tells us that respondent's motion was argued, taken under advisement and thereafter sustained. The transcript was approved by the attorneys for both parties. Nothing appears concerning the activities of respondent which gave rise to ordinance violation charge against him. See *State ex rel. State Highway Commission v. Hill*, 373 S.W.2d 666 (Mo.App.1963); *Moulder v. Webb*, 527 S.W.2d 417 (Mo.App.1975); *V. M. v. L. M.*, 526 S.W.2d 947 (Mo.App.1975); *Farrar v. Moore*, 416 S.W.2d 711 (Mo.App. 1967).

We are cognizant of our duty to provide a review upon the merits of a case whenever possible. *State ex rel. State Highway Commission v. Hill*, supra, 668. This principle, however, presupposes a record upon which this court can act with some degree of confidence in the reasonableness of its review, without resort to speculation and conjecture as to the controlling facts of the case. Id., 671; *Moulder v. Webb*, supra, 420–421; *V. M. v. L. M.*, supra, 949; *Farrar v. Moore*, supra, 714–715. For us to attempt to determine, on this record, whether a fourth-class city may, under the authority of § 94.270, require a license of one who engages in "concrete subcontracting" or whether the ordinance encompasses such activity would necessitate such prohibited forays into areas of judicial guesswork.

Because it is the duty of the appellant City of St. Clair to provide this court with a record containing everything "necessary to the determination of all questions . . . presented to the appellate court," Rules 81.12(a), (b) and 81.14(a) and § 512.-110, RSMo 1969, and because it has failed to do so in this case, we hereby dismiss the appeal. *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82, 84 (Mo.App.1977); *Davis v. Long*, 521 S.W.2d 7, 8–9 (Mo.App.1975); *Farrar v. Moore*, supra, 715.

Appeal dismissed.

KELLY and STEWART, JJ., concur.