**Linda Kay PAGE, Appellant,**

v.

**Joe Ray PAGE, Respondent.**

**No. 48912.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1985.

Rehearing Denied Aug. 5, 1985.

David C. Salivar, Curry & Salivar, St. Louis, for appellant.

William L. Pannell, Festus, for respondent.

CRIST, Judge.

Wife appeals the decree entered upon her petition for dissolution, asserting the court erred in finding the terms of a separation agreement between husband and wife, which related, *inter alia,* to the disposition of the marital residence, were conscionable, and ordering performance of its terms. We affirm for failure to file a sufficient record on appeal.

The record establishes wife petitioned for dissolution, husband answered, and a hearing was held. At that hearing, wife introduced the separation agreement she now attacks. She testified she understood the provisions of the agreement as they related to the residence, and requested the court to approve the agreement. Husband joined in the request. The court specifically found the agreement conscionable, incorporated it by reference into the decree, and ordered performance of its terms. No post-trial motions were filed.

All errors alleged on this appeal relate to the acceptance of the agreement, wife claiming the agreement was unconscionable and signed by her under duress and without understanding. Wife's notice of appeal was filed in this court on July 23, 1984. A copy of the decree of dissolution, filed as required with the notice of appeal, did not contain the agreement. The legal file, filed November 15, 1984, likewise did not contain the agreement she attacks.

The record on appeal, such as it is, is totally devoid of any evidence to sustain wife's contentions. Nothing in the record

remotely suggests any coercion or lack of understanding on the part of wife relating to the agreement or its terms. Without knowledge of the contents of the agreement, its conscionability cannot be examined in this court. It is the responsibility of appellant to provide this court with a record sufficient to reach a decision on the questions presented. Failure to provide such a record requires affirmance. *Brummit v. O'Fallon Bros. Const. Co.*, 671 S.W.2d 441, 442[3] (Mo.App.1984).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.