no jurisprudential purpose would be served by an extended opinion, we affirm the Commission's award pursuant to Rule 84.16(b).

Gary KLOSTERHOFF, Appellant,

v.

**HEILIG–MEYERS FURNITURE and Division of Employment Security, Respondents.**

No. 71958.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 1997.

**NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA., Plaintiff/Respondent,**

v.

**CITY OF ST. LOUIS, Richard Washington, Joyce Washington, Laura Bazzill, Defendants/Appellants.**

No. 71697.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 24, 1997.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

*ORDER*

Robert E. Keaney, St. Louis, for Defendants/Appellants.

Sandberg, Phoenix & Von Gontard, P.C., John S. Sandberg, Stephen P. Niemira, St. Louis, for Plaintiff/Respondent.

PUDLOWSKI, Judge.

This is an appeal by the City of St. Louis (City) from the trial court's declaratory judgment in favor of National Union Fire Insurance Company (National Union), holding National Union was not obligated to defend the City for any damages resulting from a certain automobile accident (accident) that occurred at Lambert International Airport. Because the accident did not fall within the coverage of the policy, we affirm.

## I. Background

In 1992 National Union issued a policy of insurance (policy) to Huntleigh Corporation (Huntleigh). The policy was in effect from August 1, 1992, to August 1, 1993, and listed Huntleigh as the "named insured." Huntleigh operated baggage handling at Lambert Airport, which included providing curb-side service to departing passengers. Although not solicited, National Union issued a certificate to the City adding it as an additional insured on the policy "solely with respect to the operations of [Huntleigh]."

On August 14, 1992, Richard Washington (Washington) was working for Huntleigh as a curb-side baggage checker on Departing Flights Drive at the airport. Laura Bazzill (Bazzill), a pedestrian, was on the sidewalk and on her way to use Huntleigh's services. Both were struck by an automobile operated by Ms. Lamyra Mae Kern (Kern), who drove her car up onto the sidewalk. As a result of the accident Washington, his wife, and Baz-zill brought suit against Kern, WVP (which was the designer of Departing Flights Drive), and the City (as owner of the airport) alleging negligence in the design and maintenance of the method of ingress and egress of vehicles on Departing Flights Drive, as well as failing to construct a guardrail to protect pedestrians. Washington and his wife settled their suit. The City contributed $11,000 toward this settlement. Bazzill's suit is still pending.

The City then sought reimbursement from National Union for the amount paid to the Washingtons, as well as reassurance that any amount the City contributed toward any settlement with Bazzill would likewise be reimbursed by National Union under the policy. National Union brought a declaratory judgment action in the circuit court seeking a declaration that it was not liable to the City under the policy. The City argued it was entitled to coverage from National Union for Washingtons' and Bazzill's claims pursuant to its status as an "additional insured" on the policy. After the submission of stipulated facts, briefs and depositions, the trial court found the policy did not afford coverage to the City for the Washingtons' and Bazzill's claims. From this judgment the City appeals.

## II. The Standard of Review

Although some facts were stipulated to, the parties also submitted depositions from which the trial court could, and did, draw factual conclusions. In order to reach these factual issues, however, the trial court first had to interpret the policy. It is well-settled law that insurance policies are contracts and thus rules of contract construction apply. *Arbeitman v. Monumental Life Ins. Co.*, 878 S.W.2d 915 (Mo.App. E.D.1994). A trial court's construction of contract involves legal conclusion and is not binding on appeal. *Anchor Centre Partners, Ltd. v. Mercantile Bank, N.A.*, 803 S.W.2d 23 (Mo. banc 1991). In reviewing the language of an insurance policy, this court need not give deference to the trial court's interpretation. Rather, our review is *de novo. Knipp v. Truck Ins. Exchange*, 857 S.W.2d 281 (Mo.App. W.D. 1993). Only if we find an ambiguity within

the policy that requires factual determinations would the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) then govern. But because our decision in the instant case goes no further than reviewing the language of the insurance policy, our review is *de novo*. *Knipp*, supra. With this in mind, we now turn to the City's appeal.

### III. The City's Appeal

In its sole point on appeal the City argues the trial court erred in refusing to extend coverage to the City even though the court had found the terms of the policy ambiguous. The policy's language endorsing the City as an additional insured reads: "[A]irports where [Huntleigh] is performing their operations ... are hereby included as Additional Insureds solely with respect to the operations of [Huntleigh]." The City argues the term "operations" is ambiguous and could be interpreted to include any incident that occurred involving an employee of Huntleigh's or an individual going to use Huntleigh's services. Because the policy is ambiguous, the City contends, the policy must be interpreted against National Union so as to include Washington's and Bazzill's accident. *Rafiner Elevator v. Michigan Mutual Liability Co.*, 392 S.W.2d 240, 243 (Mo. banc 1965). We disagree.

In interpreting an insurance policy we are bound by well-settled law requiring us to give plain meaning to the words of the policy. *Protective Casualty Ins. Co. v. Cook*, 734 S.W.2d 898 (Mo.App.1987). Webster's New Collegiate Dictionary (1977) defines "operation" as "[the] performance of a practical work or of something involving the practical application of principles or processes." Clearly the practical application of Huntleigh's business was baggage handling, including curb-side services. It cannot be said, as the City contends, that being struck by a car while at work or on the way to use a company's services could constitute a company's "operation," thus affording protection under the policy. We do not believe this is the plain meaning of the word "operation." If the City's logic were adopted, the City would also have a claim against the airline with whom Bazzill was intending to fly or the

airline whose luggage Washington was checking at the time of the incident if the airline's own insurance policy were written similar to the one in the instant case. Clearly this is not the plain meaning of the word "operation." *See Gabel v. Bird*, 422 S.W.2d 341 (Mo.1967) (Court may not create ambiguity where none is present so as to liberally construe the policy in favor of insured); *Southern General Ins. Co. v. WEB Associates Electronics, Inc.*, 879 S.W.2d 780 (Mo. App. E.D.1994)(court not authorized under guise of interpretation or construction of insurance policy to alter or rewrite policy and court may not create ambiguity where none exists).

Because being struck by an automobile does not constitute one of Huntleigh's operations, the plain language of the policy does not extend coverage to the City for Washington's and Bazzill's injuries. Because the City's remaining arguments are based upon finding the incident constituted an "operation" of Huntleigh's, the remainder of the City's argument is dismissed. The decision of the trial court finding National Union to be under no obligation to afford coverage to the City for this particular incident is hereby affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.