**Robert A. SHIELDS and Barbara Shields, Plaintiffs/Respondents,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant/Appellant.**

**No. 70811.**

Missouri Court of Appeals, Eastern District, Division Three.

July 8, 1997.

Dean R. Gallego, Clayton, for defendant/appellant.

Gordon D. Prinster, St. Charles, for plaintiffs/respondents.

CRAHAN, Presiding Judge.

Appellant Farmers Insurance Company ("Farmers") appeals the judgment entered in

favor of Respondents Barbara and Robert Shields on their claim for underinsured motorist coverage. We affirm.

The case was submitted to the court on stipulated facts. On June 10, 1993, Mr. Shields ("Husband") was operating an uninsured motorcycle he owned when he was involved in a collision with an automobile owned and operated by Angela Hasse. The accident and resultant bodily injuries suffered by Husband were the direct and proximate result of Ms. Hasse's negligence. Barbara Shields ("Wife") also suffered a loss of consortium. Husband was not negligent.

Given the extent of Husband's injuries and Wife's loss of consortium claim, the Shields would be entitled to a judgment against Ms. Hasse for damages in the amount of $50,-000.00. At the time of the accident, Ms. Hasse was insured by a policy of liability insurance with limits of $25,000.00. Her insurance carrier paid the Shields the policy limits and the Shields executed a release in favor of Ms. Hasse.

■ Although Husband did not maintain any insurance on his motorcycle, Wife did have insurance issued by Farmers on her automobile. Wife's policy provides for underinsured motorist coverage with limits of $50,000.00 per person and $100,000.00 per occurrence. Wife was the sole named insured listed on the declarations page. Farmers does not dispute, however, that Husband is a "family member" and therefore an "insured person" as defined in the policy. Farmers further concedes that, absent any endorsements, nothing in the main body of the policy excludes Husband from recovering under the underinsured motorist coverage provided in the policy under the facts presented. What is at issue is the effect of two endorsements to the policy.

In the main body of the policy, uninsured motorist coverage was provided in Part II, Coverage C. However, the definition of uninsured motor vehicle included both a vehicle not insured by a liability policy at the time of the accident and a vehicle insured by a liability policy with limits less than the limits of uninsured motorist coverage specified in the declarations. Thus, as originally written, Coverage C provided for both uninsured and underinsured motorist coverage.

The first endorsement, E1179j, provides in pertinent part:

### Coverage C–1 UNDERinsured Motorist Coverage

For an additional premium it is agreed that underinsured motorist coverage C–1 is added to Part II of your policy.

We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by the **insured person**.

\* \* \* \*

**Additional Definitions Used in this Part Only**

a. **Insured person** means:

1. You or a **family member**.

\* \* \* \*

c. **Underinsured Motor Vehicle**—means a land motor vehicle when:

1. the ownership, maintenance or use is insured or bonded for **bodily injury** liability at the time of the **accident**; and

2. its limit for **bodily injury** liability is less than the amount of the **insured persons damages**.

\* \* \* \*

Under Part II of the policy the provisions that apply to Exclusions and Arbitration remain the same and apply to this endorsement.

\* \* \* \*

Preceding the above language and as a part of the same form containing endorsement E1179j is a "Dear Policyholder" letter which includes the following explanation:

In our effort to improve services to our policyholders, we are separating Uninsured and UNDERinsured Motorist Coverage. Until now, Underinsured Motorist

has been included under Uninsured Motorist Coverage.

Uninsured Motorist Coverage protects an insured person for bodily injury sustained through the negligence of a person driving an uninsured motor vehicle not owned by you. UNDERinsured Motorist Coverage protects an insured person for bodily injury sustained through the negligence of a person driving an insured motor vehicle not owned by you, where the insured person under your policy is entitled to recover damages in excess of the negligent driver's bodily injury policy limits.

This endorsement is being attached to your policy to provide in detail, Underinsured Motorist Coverage as a separate and distinct coverage. It will not diminish existing coverage under either Uninsured or UNDERinsured Motorist Coverage. If you have questions, please do not hesitate to contact your Farmers Agent.

Although the "Dear Policyholder" letter states that Farmers is "separating" uninsured and underinsured motorist coverage, it is readily apparent that the language of endorsement E1179j in fact adds a new coverage, Coverage C–1, to the coverage provided in Coverage C. Nothing in the endorsement in any way purports to remove or amend in any way the coverage provided in Coverage C.

In the trial court and in this court, Farmers claims that the Shields are not entitled to recover because of an exclusion set forth in a separate endorsement, E1205, which provides in pertinent part:

ENDORSEMENT AMENDING UNINSURED MOTORIST COVERAGE EXCLUSION

It is agreed that Part II–Uninsured Motorist Coverage is amended by addition of the following:

Coverage C—Uninsured Motorist Coverage.

Exclusions

Coverage doesn't to apply to **bodily injury** sustained by a person while occupying any vehicle owned by you or a **family member**

for which insurance is not afforded under this policy or through being struck by that vehicle. This exclusion applies only after the limits of liability required by the Financial Responsibility Law have been satisfied.

Farmers contends that because endorsement E1179j providing for underinsured motorist coverage specifically incorporates the exclusions of Part II, endorsement E1179j necessarily incorporates endorsement E1205, which amends such exclusions. The trial court held that endorsement E1179j only incorporated the exclusions set forth in the main body of the policy. We agree with the trial court.

Our review of this court-tried case is governed by the standards articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, the judgment is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

When construing the language of an insurance contract, we "construe the policy and the endorsements thereon as one contract and, if possible, give effect to each and every provision thereof." *Cain v. Robinson Lumber Company*, 365 Mo. 1238, 295 S.W.2d 388, 390 (1956). If the language of an endorsement conflicts with that in the general provisions of the policy, the endorsement will prevail. *Id.* If there is doubt or uncertainty or the language is susceptible of two interpretations, the one favorable to the insured would prevail. *Id.* 295 S.W.2d at 391.

In this case, there is no ambiguity. The underinsured motorist coverage which is the basis for the Shields' claim is contained in Coverage C–1, a coverage added to the policy by endorsement E1179j which is separate from the uninsured motorist coverage found in Coverage C in the main body of the policy. By its express terms, the exclusion set forth in endorsement E1205 applies to "Coverage C—Uninsured Motorist Coverage,"[1] not to Coverage C–1. Further, Coverage C–1, the underinsured motorist coverage added to the policy by endorsement E1179j expressly pro-

---

1. Further, endorsement E1205 states that its exclusion applies only after the limits required by

the Financial Responsibility Law have been satisfied. The Financial Responsibility Law contains

vides that "[u]nder Part II of the policy the provisions that apply to Exclusions and Arbitration *remain the same* and apply to this endorsement." (emphasis added). Unless the exclusion contained in endorsement E1205 was added to the policy prior to endorsement E1179j, the exclusion added by endorsement E1205 could not apply to the underinsured motorist coverage added by endorsement E1179j and still satisfy the condition that the exclusions applicable to Coverage C–1 "remain the same." Farmers does not contend and, more importantly, offered no evidence that the exclusion set forth in endorsement E1205 was added to the policy prior to endorsement E1179j. Accordingly, we find no error in the trial court's conclusion that the exclusion contained in endorsement E1205 does not apply to the underinsured motorist coverage added to the policy by endorsement E1179j.

Judgment affirmed.

GRIMM and HOFF concur, JJ.

---

no limits or requirements for underinsured motorist coverage. *See Krombach v. Mayflower Insurance Company, Ltd.*, 827 S.W.2d 208, 212 (Mo. banc 1992). Thus, the reference to the

Financial Responsibility Law further confirms that the exclusions contained in endorsement E1205 applies to uninsured motorist coverage only.