**UNION PACIFIC RAILROAD COMPANY and Missouri Pacific Railroad Company, Plaintiffs–Respondents,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant–Appellant, and David F. Mecey and Robin Mecey, Defendants.**

No. 73756.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 1, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 16, 1999.

Application to Transfer Denied
April 27, 1999.

Amelung, Wulff & Willenbrodk, P.C., Robert J. Wulff, St. Louis, for appellants.

Walkers & Williams, P.C., Thomas E. Jones & Anthony L. Martin, St. Louis, for respondents.

KAROHL, Judge.

Plaintiffs, Union Pacific Railroad Company (Union Pacific) and Missouri Pacific Railroad Company (Missouri Pacific) filed this declaratory judgment action against American Family Mutual Insurance Company (American Family) and David F. and Robin Mecey seeking a determination of whether American Family had a duty to defend them in a suit by David F. Mecey and Robin Mecey for injuries he sustained while working under a contract with Missouri Pacific. The Meceys and Union Pacific are not parties to this appeal. The trial court granted Missouri Pacific's motion for summary judgment and declared American Family was obligated under a commercial general liability insurance policy to defend and indemnify Missouri Pacific in a lawsuit filed by David F. Mecey. Mecey was the named insured on the policy and Missouri Pacific additional insured. Union Pacific was neither a named or additional insured. Accordingly, Union Pacific did not appeal the judgment in favor of American Family which declared it had no duty to defend and no liability to Union Pacific.

American Family's sole point on appeal from the summary judgment in favor of Missouri Pacific is:

THE TRIAL COURT ERRED AND MISAPPLIED THE LAW IN INTERPRETING THE MEANING OF THE INSURANCE POLICY ISSUED BY AMERICAN FAMILY MUTUAL INSURANCE COMPANY TO DAVID MECEY WHICH INCLUDED AN ADDITIONAL INSURED ENDORSEMENT PERTAINING TO MISSOURI PACIFIC RAILROAD COMPANY IN HOLDING THAT AMERICAN FAMILY MUTUAL INSURANCE COMPANY OWED THE DUTY TO DEFEND AND INDEMNIFY MISSOURI PACIFIC RAILROAD COMPANY IN AN FELA–BASED LITIGATION FILED BY DAVID AND ROBIN MECEY OVER AND AGAINST MISSOURI PACIFIC RAILROAD COMPANY AND UNION PACIFIC RAILROAD COMPANY BECAUSE (A) THE ENDORSEMENT NAMING MISSOURI PACIFIC RAILROAD COMPANY AS AN ADDITIONAL INSURED PROVIDES THAT MISSOURI PACIFIC RAILROAD COMPANY IS ONLY AN ADDITIONAL INSURED UNDER SAID POLICY, WITH RESPECT TO LIABILITY ARISING OUT OF WORK OR OPERATIONS PERFORMED BY DAVID MECEY OR ON DAVID MECEY'S BEHALF FOR MISSOURI PACIFIC RAILROAD COMPANY BY OR FOR DAVID MECEY AND DAVID MECEY'S INJURIES, DUE TO THE ACTS OR OMISSIONS OF NEGLIGENCE BY THE RAILROADS, DOES NOT FALL WITHIN THIS ENDORSEMENT; (B) THE COMMERCIAL GENERAL LIABILITY POLICY EXCLUDES COVERAGE TO ANY BODILY INJURY TO MR. MECEY ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT; AND (C) ADDITIONAL INSUREDS ENDOREMENTS PROVIDE SPECIALIZED, AND NOT ALL–ENCOMPASSING, COVERAGE ONLY WITH REGARD TO THE CONDUCT OF THE NAMED INSURED (MECEY) FOR WHICH THIRD PERSONS MAY HOLD THE ADDITIONAL INSURED

(MISSOURI PACIFIC RAILROAD COMPANY) LIABLE.

In a court-tried declaratory judgment action, "[t]he interpretation of the meaning of an insurance policy is a question of law. No deference is due the trial court's judgment where resolution of the controversy is a question of law." *Millers Mutual Insurance Association of Illinois v. Shell Oil Company*, 959 S.W.2d 864, 866–867 (Mo.App. E.D.1997). "Only if we find an ambiguity within the policy that requires factual determinations would the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) then govern." *National Union Fire Insurance Co. of Pittsburgh, Pa. v. City of St. Louis*, 947 S.W.2d 505, 506–507 (Mo.App. E.D.1997). Since we need only to review the language of the insurance policy in the present case, our review is *de novo. Id.*

### BACKGROUND

On August 1, 1993 Missouri Pacific and David F. Mecey entered into a "Contract for Work or Services." The work or services "under this agreement is to be performed at or near Ogburn, Missouri (hereinafter the 'job site') covering the cleaning of boxcars, open-top hopper cars, and gondola cars, on an 'as needed' basis, located on Railroad trackage." In Article 5, the parties agreed,

Before the work or services commence, the Contractor will provide the Railroad with a certificate issued by its insurance carrier providing the insurance coverage required pursuant to Exhibit A–1 of this agreement in a policy which contains the following type endorsement:

MISSOURI PACIFIC RAILROAD COMPANY IS NAMED AS ADDITIONAL INSURED WITH RESPECT TO *ALL LIABILITIES ARISING OUT OF* INSURED'S, AS CONTRACTOR, PERFORMANCE OF WORK ON BEHALF OF THE RAILROAD.

Contractor WARRANTS that this agreement has been thoroughly reviewed by its insurance agent(s)/broker(s) and that said agent(s)/broker(s) has been instructed to procure insurance coverage and an endorsement as required herein. (emphasis added)

On February 3, 1994 American Family issued a commercial general liability coverage policy to David F. Mecey. The Common Declarations of the policy described his form of business as "individual" and the business description as "janitorial service." In order to comply with the contract for services requirement, Mecey obtained from American Family an endorsement for "ADDITIONAL INSURED–OWNERS, LESSEES OR CONTRACTORS (FORM B)." The endorsement included a "schedule" naming Missouri Pacific Railroad Company. It also provided, "WHO IS INSURED (SCHEDULE II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' for that insured by or for you."

Mecey undertook to perform under the contract with Missouri Pacific. In early 1995, the Meceys filed a four-count petition against Missouri Pacific and Union Pacific. They alleged David Mecey sustained personal injuries on or about July 12, 1994 when he fell from a ladder while cleaning railroad cars on "defendant's" tracks in Ogburn, Missouri. Count I was filed under the Federal Employers' Liability Act (FELA); Count II under the Safety Appliance Act; Count III was a common-law negligence claim; and, Count IV involved a loss of consortium claim by Robin Mecey. In Counts I and II, Mecey alleged he was working for "the defendants" at the time of his injuries. In Counts III and IV, the Meceys alleged Mecey did not work for "the defendants," but was cleaning railroad cars on their railroad tracks at their request.

Missouri Pacific tendered the defense of Meceys' suit to American Family. America Family denied coverage principally because of the language in the additional insured endorsement "arising out of your work." Robert L. Johnson, a claims attorney for American Family, denied coverage on its behalf because he did not think "that being injured at the work place falls under that particular definition … [Mecey] was not going out there that day to work on hurting himself."

## RELEVANT PORTIONS
## OF THE POLICY

In addition to the noted provisions of the additional insured endorsement this dispute involves provisions of the coverage form of American Family's policy issued to Mecey as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we', "us" and "our" refer to the company providing this insurance.

The word "insured' means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

. . . .

SECTION V DEFINITIONS

15. "Your work" means:

a. Work or operations performed by you or on your behalf; . . .

### AMERICAN FAMILY'S POSITION

American Family takes the position that the provisions of the additional insured endorsement, identifying Missouri Pacific as an additional insured, do not provide coverage to Missouri Pacific for acts or omissions of negligence in causing injury to David Mecey "because said language clearly and unambiguously only provides coverage to any *third parties injured due to Mr. Mecey's work for Missouri Pacific* and accordingly would provide coverage to both Mr. Mecey and Missouri Pacific only for the claims of damage or injury by those third persons." Thus, the endorsement does not provide coverage to Missouri Pacific for Mecey's claim for injury due to Missouri Pacific's own negligence.

American Family suggests that the "WHO IS AN INSURED?" provisions of the endorsement is best analyzed by substituting the parties for the terms and definitions contained therein. Doing so, the above endorsement provision would read as follows:

WHO IS INSURED? (Section II) is amended to include as an insured the person or organization shown in the schedule (Missouri Pacific Railroad Company), but only with respect to liability arising out of

"your work", (work or operations performed by Mecey or on Mecey's behalf) for that insured (Missouri Pacific) by or for you (Mecey).

Eliminating all of the superfluous language, the endorsement would read:

WHO IS AN INSURED? (Section II) is amended to include Missouri Pacific Railroad, but only with respect to liability arising out of work or operations performed by David Mecey for Missouri Pacific by David Mecey.

In its brief, American Family states further that:

this language clearly and unambiguously states that American Family only provides coverage to Missouri Pacific for *liability* to Missouri Pacific arising out of work that David Mecey has done for Missouri Pacific. Compare Missouri Pacific's argument that Mecey's *injury* arose out of his own work. This does not include coverage to Missouri Pacific for Missouri Pacific's own negligence which caused injury to David Mecey. This endorsement clearly intends to provide coverage only to Missouri Pacific for damages or injuries to third persons (other than David Mecey or Missouri Pacific) caused by David Mecey's work.

American Family suggests that all of the case law relied upon by Missouri Pacific to support its motion for summary judgment involves third party claims against an additional insured. It recognizes, "[u]nfortunately, however, such cases do not address the situation that we have here, which, admittedly, is unique, where David Mecey himself, the named insured, is the injured party due to the negligence of Missouri Pacific who is the additional named insured. Such a distinction is crucial and is a completely different situation from the cases cited by Missouri Pacific to the trial court."

### MISSOURI PACIFIC'S POSITION

Missouri Pacific begins its analysis by repeating the quotation on the additional insured endorsement describing "WHO IS AN INSURED?" It then suggests, Missouri Pacific was provided with liability protection under the American Family policy, "but only

with respect to liability arising out of [David Mecey's] work for [Missouri Pacific] by or for [David Mecey]." Missouri Pacific argues that the provision obviously provides liability insurance coverage to Missouri Pacific no matter who is injured as long as the liability arises out of Mecey's work for Missouri Pacific by or for Mecey. However, "[t]o the extent that the endorsement is unclear, there is necessarily an ambiguity in the policy of insurance that was drafted by American Family. Any doubt or uncertainty in the policy language selected by American Family must be resolved in favor of the insured, Missouri Pacific. *Harrison v. Tomes,* 956 S.W.2d 268, 270 (Mo. banc 1997); *Peters v. Employers Mut. Cas. Co.,* 853 S.W.2d 300, 302 (Mo. banc 1993); *Shields v. Farmers Ins. Co.,* 948 S.W.2d 247, 249 (Mo.App. E.D. 1997)." When policy language is susceptible to two or more reasonable interpretations, the policy language favorable to the insured prevails. *Shields v. Farmers Ins. Co.,* 948 S.W.2d at 249.

Missouri Pacific believes the trial court was the first court in Missouri to have interpreted the meaning of American Family's additional insured endorsement where the present coverage was caused by a lawsuit by a named insured against an additional insured. It refers to appellate decisions in Illinois, Pennsylvania, and federal decisions in New York and the Third Circuit for the proposition that, generally, the phrase "arising out of" is considered to be a broad and vague term which is to be construed liberally in favor of the insured. It also contends that coverage is generally extended as long as the connection between the operations of the insured and the claim are not remote and there is some minimal causal connection. The foreign cases apply a causation test on the basis of a "but for" causation analysis.

The foreign cases Missouri Pacific relies on are *American States Ins. Co. v. Liberty Mut. Ins. Co.,* 291 Ill.App.3d 336, 225 Ill.Dec. 342, 683 N.E.2d 510 (Ill.App.Ct.1997) and *Shell Oil Co. v. A C & S, Inc.,* 271 Ill.App.3d 898, 208 Ill.Dec. 586, 649 N.E.2d 946 (Ill.App. 1995). In *Shell Oil Co.* the court applied a "but for" causation analysis and said:

Construing the complaint and policy liberally and resolving all doubts in favor of the insured, we conclude that the facts alleged reasonably fall within policy coverage.... The injuries would not have occurred "but for" [the injured party's] employment by [the subcontractor] and [the subcontractor's] presence on plaintiff's premises. We find that because the underlying complaint alleged facts that fall within or potentially within policy coverage, National Union had a duty to defend plaintiff in the underlying lawsuit. Hence, National Union unjustifiably refused to defend the plaintiff in the underlying suit. 208 Ill.Dec. at 592, 649 N.E.2d at 952.

Missouri Pacific agrees with American Family's contention that the coverage provided for an additional insured is limited because an additional insured is not entitled to the same coverage as a named insured. We so held in *United States Fidelity & Guaranty v. Drazic,* 877 S.W.2d 140, 143 (Mo.App. E.D.1994). However, Missouri Pacific contends that it has coverage for "liability arising out of 'your work' [Mecey's work] for that insured [Missouri Pacific] by or for you [Mecey]." In other words, Missouri Pacific contends that it has coverage limited to liability for personal injuries arising out of the work Mecey did for Missouri Pacific. It concludes that the intention of this language was to limit the liability coverage to work that was related to David Mecey's work or operations for Missouri Pacific. By that analysis, Missouri Pacific concludes, it is obvious that if there is liability in this case, it arose out of Mecey's work for Missouri Pacific, but is not restricted to liability to "third parties" as contended by American Family. In summary, Missouri Pacific relies on cases which have interpreted "arising out of " language in insurance policies to mean causally connected with as opposed to proximately caused by.

Missouri Pacific also argues the trial court did not err in finding coverage under the additional insured endorsement because American Family had the opportunity to restrict its coverage only to those situations where vicarious liability was involved by simple changes in the language in its additional insured endorsement. Missouri Pacific ar-

gues that in the event the endorsement had contained a limitation which read "but only with respect to liability to third-parties arising out of 'your work' for that insured [Missouri Pacific] by or for you [Mecey]," the failure to clearly and concisely restrict coverage to third party claims creates the ambiguity which became the subject of the dispute in the trial court and is the subject of this appeal.

## THE JUDGMENT

The issue between the parties is whether the injuries claimed by David Mecey and Robin Mecey can be said to arise out of David Mecey's work for Missouri Pacific by David Mecey. More specifically, the Meceys allege in their petition that the injuries arose when David Mecey fell from a ladder while cleaning cars of Missouri Pacific and Union Pacific in the course of his employment with the two railroads, and the issue is whether the injuries so suffered can be said to have arisen out of David Mecey's work for Missouri Pacific. The court considered an interpretation of the phrase "arising out of " in this context to be one of first impression. It applied the principles of interpretation of insurance contracts, giving the phrase its ordinary meaning, and referred to a dictionary definition of "arise" to conclude "at the very least" one plausible interpretation of the phrase "arising out of" would be "resulting out of." Adopting an interpretation favorable to the insured, "the phrase under scrutiny provides coverage for liabilities resulting from David Mecey's work for Missouri Pacific. The Meceys' pled that their injuries so resulted." Thus, American Family is required to defend the Meceys' suit against Union Pacific.

## DISCUSSION

█ For two reasons we affirm. First, the Meceys have filed a petition for personal injuries and have alleged those injuries were sustained when he fell from a ladder performing work under a contract with Missouri Pacific. There is no express limitation or exclusion that liability coverage would only apply to claims of third parties to the insurance contract. American Family did not clearly and unambiguously describe or provide that limitation in the policy or the endorsement. Hence, the requirement for a work-related injury is satisfied. The endorsement definition of "Who is Insured" does not expressly or specifically contain a limitation that liability coverage applies only to claims of third parties. There are no other provisions in the policy which exclude coverage for a claim by the named insured against an additional insured. Further, the "Contract For Work or Services" agreement of Missouri Pacific and David F. Mecey required Mecey to provide Missouri Pacific with insurance against "*all* liabilities arising out of insured's, as contractor, performance of work on behalf of the railroad." The Mecey personal injury claim alleges an injury arising out of his work while performing on behalf of the railroad.

Second, American Family could have clearly and concisely restricted coverage to third party claims, but failed to do so. The endorsement could have provided that the policy definition of "Who Is Insured" is amended to include Missouri Pacific "but only with respect to liability on *third party claims* arising out of 'your work'...." There is, at least, an ambiguity on the issue of coverage for claims of a named insured against Missouri Pacific as an additional insured. We are required to resolve the ambiguity in favor of the insured. *Harrison v. Tomes*, 956 S.W.2d 268, 270 (Mo. banc 1997).

█ American Family also points to the language of the policy excluding from coverage "Bodily injury to: " ... [an] employee of the insured arising out of and in the course of his employment." Although Counts I and II of the Meceys' petition proceed on the theory that Mecey is an employee of Missouri Pacific, Counts III and IV explicitly disclaim employee status insofar as David is concerned. The trial court properly held that American Family is obliged to provide a defense to Missouri Pacific on the issues of Missouri Pacific's negligence and the amount of the Meceys' damages, if any. This duty exists without regard to the merits of any claim, and is present without diminution notwithstanding alternate statements of the

plaintiffs' claims. Thus, no error is demonstrated by reason of the cited exclusion.

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.